FW03035
ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 SEP 17  AM 8: 48

CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IRMA GONZALEZ<br>*Plaintiff.*<br>v.<br><br>MIDLAND CREDIT<br>MANAGEMENT, INC.<br>*Defendant.* | CIVIL ACTION NO.<br><br>**4-13CV-767-C**<br><br>TRIAL BY JURY DEMANDED |

## VERIFIED COMPLAINT FOR RELIEF

Plaintiff Irma Gonzalez, complains of Midland Credit Management, Inc. Defendant, and for cause of action would respectfully show as follows:

### NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Irma Gonzalez against Defendant Midland Credit Management, Inc., for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(A)(iii), Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et al., The Texas Debt Collection Practices Act, Chapter 392 ("TDCPA"), and the Texas Business and Commerce Code, Subchapter E. Chapter 17, ("DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but non-existent consumer debt.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 47 U.S.C. §227(f)(2).

4. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection, and its business within this state gave rise to the causes of action asserted herein.

5. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant carries on business in this State.

6. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(f)(4). Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendants transact business here, and the conduct complained of occurred here.

7. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

8. The Plaintiff in this lawsuit is Irma Gonzalez, a natural person and a citizen of Tarrant County, Texas.

9. Defendant in this lawsuit is Midland Credit Management, Inc. (herein after "MCM") a debt collection company with principal office at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

10. MCM is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activities in Texas.

11. MCM may be served with process by serving its registered agent for service of process: Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## FACTUAL ALLEGATIONS

12. On **26-June-2013 at about 12:03 p.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes.

13. On **26-June-2013 at about 03:26 p.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes.

14. On **27-June-2013 at about 11:59 a.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes.

15. On **27-June-2013 at about 02:55 p.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes.

16. On **29-June-2013 at about 11:55 a.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes.

17. On **03-July-2013 at about 01:45 p.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes.

18. On **07-July-2013 at about 01:39 p.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes.

19. On **08-July-2013 at about 11:56 a.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes.

20. On **09-July-2013 at about 12:29 p.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes. **(Exhibit A)**

21. In the telephone conversation on **09-July-2013 at about 12:29 p.m.**, Plaintiff spoke with Defendant MCM representative, Peter Willow, who stated that the call was from Midland Credit Management. Defendant's representative Peter Willow failed to notify Plaintiff that the communication is from a debt collector.

22. On **10-July-2013 at about 02:28 p.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes. **(Exhibit B)**

23. In the telephone conversation on **10-July-2013 at about 02:28 p.m.**, Plaintiff spoke with Defendant MCM representative, Sam Bishop, who stated that the call was from Midland Credit Management. Defendant's representative Sam Bishop failed to notify Plaintiff that the communication is from a debt collector.

24. On **10-July-2013 at about 03:27 p.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes. **(See Exhibit A)**

25. In the telephone conversation on **10-July-2013 at about 03:27 p.m.**, Plaintiff spoke with Defendant MCM representative, Sam Joseph, who stated that the call was from Midland Credit Management. Defendant's representative Sam Joseph failed to notify Plaintiff that the communication is from a debt collector.

26. On **11-July-2013 at about 12:33 p.m.**, Defendant MCM called the Plaintiff's cell phone without prior permission or for emergency purposes. **(See Exhibit A)**

27. In the telephone conversation on **11-July-2013 at about 12:33 p.m.**, Plaintiff spoke with Defendant MCM representative who would not provide a name. Defendant's representative stated that the call was from MCM. Defendant's representative failed to notify Plaintiff that the communication is from a debt collector.

28. The communications in question here are all related to Defendant MCM attempts to collect an alleged but non-existent consumer debt.

29. In each communication in question here, Defendant MCM used an automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically dial Plaintiff's cellular phone in an attempt to collect on the alleged but non-existent consumer debt. **(Emphasis Added)**

30. In each communication in question here, Defendant MCM used a private number when calling Plaintiff's cell phone number.

31. Plaintiff has no prior or present established relationship with Defendant MCM.

32. Plaintiff has no contractual obligation to pay Defendant MCM any alleged consumer debt.

33. On September 03, 2013 Plaintiff sent a letter via United States Postal Service Express Mail informing Defendant MCM said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(A)(iii), Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., The Texas Debt Collection Practices Act, Chapter 392, and the Texas Business and Commerce Code, Subchapter E. Chapter 17, this was in an effort to amicably resolve the matter prior to litigation.

34. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227(b)(1)(A) BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

35. Paragraphs 1 through 34 are re-alleged as though fully set forth herein.

36. Plaintiff and Defendant MCM do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

37. Defendant MCM called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

38. Defendant MCM has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's cellular telephone number, which is assigned to a cellular telephone service **with no** prior express consent and for no emergency purpose.

39. Defendant MCM has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

**WHEREFORE,** Plaintiff demands judgment for damages against MCM for actual, statutory, and punitive damages, any attorney's fees, and costs, pursuant to 47 U.S.C §227(b)(3)(B).

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

40. Plaintiff alleges and incorporates the information in paragraphs 1 through 39.

41. Defendant MCM has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

42. Defendant MCM has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > (iii) to any telephone number assigned to a paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, or an service for which the called party is charged for the call;

43. Defendant MCM has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's number no less than 4 times, which is assigned to a cellular telephone service. The Plaintiff has never given MCM express permission to call Plaintiffs cellular phone.

**WHEREFORE,** Plaintiff demands judgment for damages against MCM for actual, statutory, and punitive damages, any attorney's fees, and costs, pursuant to 47 U.S.C §227(b)(3)(B).

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

44. Paragraphs 1 through 43 are re-alleged as though fully set forth herein.

45. Defendant aforementioned conduct violated the FDCPA.

46. Defendant MCM actions of making attempts to collect on an a alleged but non-existent debt was to harass, oppress, or abuse Plaintiff, is a violation of 15 U.S.C. § 1692d,

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

   c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(5) BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

47. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

48. Defendant aforementioned conduct violated the FDCPA.

49. Defendant MCM violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(6) BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

50. Paragraphs 1 through 49 are re-alleged as though fully set forth herein.

51. Defendant aforementioned conduct violated the FDCPA.

52. Defendant MCM violated 15 U.S.C. § 1692d(6) by the placement of telephone calls without meaningful disclosure of the caller's identity.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(10) BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

53. Paragraphs 1 through 52 are re-alleged as though fully set forth herein.

54. Defendant aforementioned conduct violated the FDCPA.

55. Defendant MCM violated 15 U.S.C. § 1692e(10) by the placement of telephone calls **using a private number**, is false, deceptive, or misleading representations or means in connection with the collection of a debt; **(Emphasis added)**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT, TEXAS FINANCE CODE § 392.302(2) BY DEFENDANT MIDLAND CREDIT MANAGMENT, INC.

56. Paragraphs 1 through 55 are re-alleged as though fully set forth herein.

57. Defendant aforementioned conduct violated the TDCPA.

58. Defendant MCM violated the Texas Debt Collection Practices Act, Texas Finance Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TDCPA and/or admission from the Defendant(s) that they violated the TDCPA;

b) Awarding Plaintiff statutory damages, pursuant to TDCPA.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII

### VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT, TEXAS FINANCE CODE § 392.302(4) BY DEFENDANT MIDLAND CREDIT MANAGMENT, INC.

59. Paragraphs 1 through 58 are re-alleged as though fully set forth herein.

60. Defendant aforementioned conduct violated the TDCPA.

61. Defendant MCM violated the Texas Debt Collection Practices Act, Texas Finance Code § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

f) Adjudging that Defendant violated the TDCPA and/or admission from the Defendant(s) that they violated the TDCPA;

g) Awarding Plaintiff statutory damages, pursuant to TDCPA.

h) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

i) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

j) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX

### VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT, TEXAS FINANCE CODE § 392.304(a)(5)(B) BY DEFENDANT MIDLAND CREDIT MANAGMENT, INC.

62. Paragraphs 1 through 61 are re-alleged as though fully set forth herein.

63. Defendant aforementioned conduct violated the TDCPA.

64. Defendant MCM violated the Texas Debt Collection Practices Act, Texas Finance Code § 392.304(a)(5)(B) by failing to disclose, except in a formal pleading made connection with a legal action: that the communication is from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

k) Adjudging that Defendant violated the TDCPA and/or admission from the Defendant(s) that they violated the TDCPA;

l) Awarding Plaintiff statutory damages, pursuant to TDCPA.

m) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

n) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

o) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X

### VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT, BY DEFENDANT MIDLAND CREDIT MANAGMENT, INC.

65. Paragraphs 1 through 64 are re-alleged as though fully set forth herein.

66. Defendant aforementioned conduct violated the DTPA.

67. Defendant MCM violation of the TDCPA is a violation of the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act; Tex. Fin. Code. Ann. § 392.404(a);

68. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E;

   b. Awarding Plaintiff statutory damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

   c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

                                 Dated:  September 17, 2013

                                 Respectfully Submitted,

                                 _____
                                 Irma Gonzalez
                                 3211 Monterra Creek, Apt 202
                                 Fort Worth, Texas 76137
                                 (817) 909-1390
                                 Irmagon56@yahoo.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IRMA GONZALEZ<br>*Plaintiff.*<br>v.<br><br>MIDLAND CREDIT<br>MANAGEMENT, INC.<br>*Defendant.* | CIVIL ACTION NO.<br><br><br>TRIAL BY JURY DEMANDED |

**VERIFICATION OF COMPLAINT**

STATE OF TEXAS
COUNTY OF TARRANT

BEFORE ME personally appeared Irma Gonzalez who, being by me first duly sworn and identified in accordance to Texas law, deposes and says:

1. My name is Irma Gonzalez, Plaintiff herein.
2. I have read and understood the attached foregoing complaint and examined any appendices filed herein, and each fact alleged therein is true and correct of my own personal knowledge. The appendices are true and fair copies of the recited instruments.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Irma Gonzalez, Affiant

State of Texas
County of __Tarrant__

SWORN TO and subscribed before me, a notary public, on this __16th__ day of __September__ 2013 personally appeared __Irma Gonzalez__, known to me through description of identity card to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

(Personalized Seal)
A. PATEL
Notary Public, State of Texas
My Commission Expires
December 23, 2015

_____
Notary Public's Signature



EXHIBIT A



EXIHIBIT B

# CIVIL COVER SHEET

4-13CV-767-C

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Irma Gonzalez

ORIGINAL

**DEFENDANTS**
Midland Credit Management, Inc.

**(b)** County of Residence of First Listed Plaintiff  Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | | | |
| | ☐ 448 Education | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227 et al., 15 U.S.C. § 1692 et al.; Texas Debt Collection Practices Act, Chapter 392
Brief description of cause:
Violations of FDCPA, TCPA, TDCPA, DTPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/17/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # FW020357  AMOUNT $400.00  APPLYING IFP  JUDGE  MAG. JUDGE